# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAN SEVERI, et al. | Case No.: 1:17-cv-0931 - AWI - JLT |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT[1] |
| v. | (Doc. 23) |
| COUNTY OF KERN, et al., | |
| Defendants. | |

Stan Severi and Myranda Severi seek leave to file an amended complaint to add a new claim against several defendants. (Doc. 23) The defendants have not opposed the motion. For the reasons set forth below, Plaintiff's motion for leave to amend the complaint is **GRANTED**.

## I.     Background and Procedural History

Plaintiffs allege that in December 2016, Kern County Sheriff's Deputies "responded to a call in that Plaintiffs' minor son was either missing or had run away." (Doc. 23-1 at 4) Among the responding officers was defendant Gabriel Romo. (*Id.*) According to Plaintiffs, after the officers were "informed that Plaintiffs' son had been located and retrieved by his mother," Romo "wrongfully, without a warrant, probable reasonable suspicion, or justification demanded that Plaintiffs minor daughter, be turned over to him." (*Id.*) Plaintiffs allege that Mr. Severi asked to speak to his wife,

---

[1] Because the Court finds the matter is suitable for decision without oral argument and because there was no opposition to the motion filed, the hearing on the motion is VACATED.

1

Myranda, and the request was refused. (*Id.* at 4-5) Plaintiffs assert Mr. Severi was then shot by a deputy, which was witnessed by Myranda. (*Id.* at 5)

According to Plaintiffs, Romo also dug his knee into the side of Mr. Severi's chest, and placed him in handcuffs "despite the fact … [he] had just been shot and suffered a severe and life threatening wound." (Doc. 23-1 at 5) Plaintiffs contend the deputies' wrongful actions also included: "(i) ordering Plaintiff MYRANDA SEVERI not to take pictures of the incident, not to talk to the media, and to put her cell phone away; and (ii) threatening her with arrest, confiscating her cell phone and the use of force if she did not fully and completely comply with said orders." (*Id.* at 6) Plaintiffs assert that once Mr. Severi was transported to the hospital, Mrs. Severi was not permitted to see her husband "for approximately four-and-one-half hours." (*Id.*)

Based primarily upon the foregoing facts, Plaintiffs filed a complaint in Kern County Superior Court on June 28, 2017. (Doc. 1 at 5) Plaintiffs asserted against the County of Kern, Kern County Sheriff Donny Youngblood, and Deputy Romo were liable for the following causes of action: (1) violation of civil rights arising under the Fourth and Fourteenth Amendments to the United States Constitution and state law, (2) failure to intervene, (3) municipal liability for the constitutional violations, (4) battery, and (5) negligence. (*See* Doc. 1 at 5) Defendants filed a Notice of Removal on July 13, 2017, thereby initiating the action before this Court.

On July 25, 2017, the defendants filed their answer. (Doc. 7). In addition, the defendants filed a motion to strike portions of Plaintiffs' complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, asserting several allegations regarding the County and its sheriff's department were "scandalous, misleading, redundant, immaterial, impertinent, unduly prejudicial, and not relevant." (Doc. 6 at 4) On December 20, 2017, the Court granted the motion in part, and struck several paragraphs from the complaint. (Doc. 14)

On January 23, 2018, the Court issued its scheduling order, setting forth the deadlines governing the action. (Doc. 16) Pursuant to the terms of this order, the parties were directed to make their initial disclosures no later than March 26, 2018. (*Id.* at 3) In addition, the Court ordered: "Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than April 25, 2018." (*Id.* at 3, emphasis omitted) Plaintiffs timely filed a request for leave to amend

the complaint on April 25, 2018, seeking to:

1. Add a cause of action against three new individual Defendants, identified as Defendant Detective A. Warmerdam, Defendant Danae Wiitala, and Defendant Cummings, for unlawful search of Plaintiffs' home and vehicles and unlawful search and seizure Plaintiffs' personal items, including but not limited to two computer towers, pursuant to 42 U.S.C. § 1983; and

2. Delete Paragraphs 34(i), 34(ii), 34(iv), 34(v), 34(vi), and 34(vii) of Plaintiffs' original complaint pursuant to the Court's December 20, 2017 Order.

(Doc. 21 at 3; Doc. 23 at 3) Defendants did not oppose the motion.

**II.     Legal Standards**

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, the defendants filed their answer on July 25, 2017 (Doc. 6). Therefore, Plaintiffs require either consent of the defendants or leave of the Court to file an amended complaint.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). After a defendant files a responsive pleading, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

### III. Discussion and Analysis

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

The amendment sought is the first for Plaintiffs. The plaintiffs learned of the additional allegations in the initial disclosures served by the defendants and sought to amend immediately thereafter. (*See* Doc. 23 at 5) In addition, the request to amend was filed in compliance with the deadline ordered by the Court. (Doc. 16 at 3) Notably, the burden of establishing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). However, as noted above, the defendants have not opposed the motion and it does not appear that amendment would pose any prejudice to the defendants.

### IV. Conclusion and Order

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiffs to amend the complaint. *See Madeja*, 310 F.3d at 636. Therefore, the Court is acting within its discretion in granting the motion to amend. *See Swanson*, 87 F.3d at 343. According, the Court ORDERS:

1. Plaintiffs' motion to amend the complaint (Doc. 23) is **GRANTED**;

///
///
///
///

4

2. Plaintiffs **SHALL** file the First Amended Complaint within three days of the date of service of this Order.

IT IS SO ORDERED.

Dated: **May 23, 2018**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE