# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAN SEVERI, et al., | Case No.: 1:17-cv-0931-AWI- JLT |
| Plaintiffs, | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINITFF MYRANDA SEVERI |
| v. | (Doc. 45) |
| COUNTY OF KERN, et al., | |
| Defendants. | ORDER DIRECTING CLERK TO UPDATE DOCKET AND SERVE PRO SE PLAINTIFF MYRANDA SEVERI |

Rodriguez & Associates seek to withdraw as counsel of record for Plaintiff Myranda Severi. Because counsel complied with the requirements of the Local Rules and demonstrate withdrawal is appropriate under the Rules of Conduct, the motion to withdraw (Doc. 45) is **GRANTED**.

**I.      Legal Standard**

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of the United States District Court, Eastern District of California. *See* LR 182. The withdrawal of representation is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry our employment effectively." Cal. R.P.C. 3-700(C)(1)(d). Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client <u>in propria persona</u> without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

1

*Id.* Likewise, California's Rules require the notice of motion and declaration to be served on the client and other parties who have appeared in the case. CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court, and leave "may be granted subject to such appropriate conditions as the Court deems fit." LR 182; *see also Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."). Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal. *Canandaigua Wine Co.*, 2009 WL 89141, at *1.

## II.     Discussion and Analysis

Chantal Trujillo, an attorney at the law firm of Rodriguez & Associates, reports there has been a "breakdown in communication with Myranda Severi," and as a result the firm "cannot act effectively as her counsel." (Doc. 45 at 6, ¶ 2) Ms. Trujillo states that the firm has been unable to contact Ms. Severi since January 9, 2019, despite "repeated attempts every week… to make contact." (*Id.*) According to counsel, they have made attempts via both mail and telephone to contact Ms. Severi "regarding this case, including discovery deadlines, and potential deposition dates." (*Id.* at 4) Because the firm has been unable to communicate Ms. Severi, they now seek permission to withdraw as counsel.

Defendants object to the request for withdrawal, asserting they "concerned that Myranda Severi was not properly notified of this motion or the date/time/location of her currently noticed deposition." (Doc. 46 at 4) They observe Ms. Severi "was required to move out of and stay away from that address [where the motion as served] for nearly a year prior to service of the motion." (*Id.* at 5) According to Defendants, if the motion is granted, they may "not be able to locate and properly serve Myranda Severi with notice of her deposition prior to the current close of non-expert discovery on March 29, 2019." (*Id.* at 4) As a result, Defendants contend they would be prejudiced through the withdrawal of representation. (*Id.* at 7)

Significantly, counsel is not required to show *actual* notice for service a motion to withdraw, or that the notice was received. Indeed, the Rules provide for withdrawal of representation in circumstances where counsel is no longer able to reach a client, or the client fails to communicate a

2

current address to counsel. *See* Local Rule 182(d) (requiring the attorney to identify "the current *or* last known address") (emphasis added). Further, the lack of cooperation by a client supports the request for withdrawal. *See Canandaigua Wine Co.*, 2009 WL 89141, at *1 (citing *Schueneman v. 1st Credit of America, LLC*, 2007 WL 1969708, at *7–8 (N.D.Cal. July 6, 2007); *Statue of Liberty–Ellis Island Foundation, Inc. v. Int'l United Industries, Inc*., 110 F.R.D. 395, 397 (S.D.N.Y.1986)).

The declaration and proofs of service indicate Ms. Trujillo served all parties, including Plaintiff, with the documents required by the California Rules at the last known address for Ms. Severi. (*See* Doc. 45 at 7, 9-13) Though Defendants assert they may be prejudiced through the failure of Ms. Severi to appear for deposition, there is no indication that she would appear even if the Court denied the motion due to counsel's inability to communicate with Ms. Severi. Further, any delay in this action caused by the withdrawal of representation would be minimal, and there is little risk of harm to the administration of justice due to the withdrawal. Rather, any prejudice to Defendants should be attributed to Ms. Severi's failure to communicate with and cooperate with counsel.

### **III.    Conclusion and Order**

Rodriguez & Associates followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw as counsel and set forth sufficient reasons for the withdrawal. Therefore, the Court is acting within its discretion to grant the motion to withdraw. *See* LR 182. Accordingly, the Court **ORDERS**:

1.  The motion to withdraw (Doc. 45) is **GRANTED**;
2.  **No later than March 29, 2019**, Mr. Severi and his counsel **SHALL** file a report detailing all information known to them as to how to contact Ms. Severi. This report should detail such information as Ms. Severi's last known cell phone number, last known contact information, locations she is known to frequent, any information as to how she supports herself, whether she has contact with her children and, if so, how she arranges this, identities and contact information for any friends or relatives with which she has contact and the like;
b.  The Clerk's Office **SHALL TERMINATE** Chantal Amber Trujillo, Daniel Rodriguez, and Joel Andreesen as "Attorney to be Noticed" for Plaintiff Myranda Severi in the

3

Court docket, and update the docket to reflect Ms. Severi's last known contact information as follows:

>Myranda Severi
>19586 Cherry Lane
>Tehachapi, CA 93561

3. **No later than April 1, 2019**, Plaintiff Myranda Severi **SHALL:**

   a. Notify the Court of her current mailing address, and;

   b. Notify the Court whether she intends to represent herself in this matter or has secured substitute counsel and whether she intends to prosecute this action;

4. Despite the requirements of the scheduling order, the defense may take Ms. Severi's deposition if she is located, at any time before trial.

**Ms. Severi is advised that her failure to comply with the Local Rules, Federal Rules, or any Court order, will result in a recommendation that the action be dismissed as to her pursuant to Local Rule 110**.

IT IS SO ORDERED.

Dated: __**March 19, 2019**__ __**/s/ Jennifer L. Thurston**__
UNITED STATES MAGISTRATE JUDGE