UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAN SEVERI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KERN, et al., <br><br> Defendants. | Case No.: 1:17-cv-0931-AWI- JLT <br><br> FINDINGS AND RECOMMENDATION TO DISMISS THE ACTION AS TO MYRANDA SEVERI |

The Court has relieved Ms. Severi's counsel of record. (Doc. 49) The reason for the request to withdraw was because she had no contact with counsel since early January, despite repeated attempts to locate her. Id. at 2. In the order relieving counsel, the Court ordered Ms. Severi to notify the Court of her current mailing address and whether she intended to represent herself or hire substitute counsel. Id. at 4. Despite that it is now 11 days past her deadline to make these notifications, she has not done so. Notably, the Court advised her that if she failed to comply, this would "result in a recommendation that the action be dismissed as to her pursuant to Local Rule 110." Id.

In the meanwhile, Mr. Severi has filed a report providing the information known to him about Ms. Severi's whereabout. (Doc. 52) It is notable that she appears to have dropped out of sight and, it appears, may no longer be in the area. Id.

///

///

1

# I. Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action for a party's failure to prosecute an action or failure to obey a court order. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

# III. Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A. Public interest and the Court's docket

The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot hold this case as to Ms. Severi in abeyance based upon her failure to comply with the Court's order and failure to prosecute this action. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). The fact that Ms. Severi has demonstrated little interest in this case and has refused to

cooperate n the prosecution of the action, weighs in favor of dismissal of the action as to her.

**B.    Prejudice to Defendant**

To determine whether the defendant suffers prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The plaintiff has not taken any action to further her prosecution of the action, despite urging by the Court. In addition, the failure to produce herself for deposition, prejudices the defendants and co-plaintiff, mr. Severi. Therefore, this factor weighs in favor of dismissal.

**C.    Consideration of less drastic sanctions**

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

The Court warned the plaintiff that "her failure to comply with the Local Rules, Federal Rules, or any Court order, will result in a recommendation that the action be dismissed as to her pursuant to Local Rule 110." (Doc. 49 at 4.) The Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the warning Ms. Severi satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

**D.    Public policy**

Given Ms. Severi's failure to prosecute the action and her failure to comply with the Court's

order, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

**IV.     Findings and Recommendations**

According, the Court **RECOMMENDS**:

1.     This action **as to Myranda Severi only** be **DISMISSED** without prejudice; and

2.     The Clerk of Court be **DIRECTED** to close the action **as to Myranda Severi only**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiffs may file written objections. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **April 12, 2019**          **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE

4